83,555-01

Cause no 1259408-A

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 19 2015

Abel Acosta, Clerk

This cover letters purpose is to inform the Clerk of Harris County Chris Daniel and the 248th Judicial District Courts Court Coordinator that I, William Mark Rhodes Applicant 11.07 for an out of time Appeal am sending a letter directly to Judge Katherine Cabaniss informing her of the existence of my Motion for an Evidentiary Hearing. A complete copy of this Motion and this letter are being served on the Harris County District Attorney Devon Anderson the Clerk of the Fourteenth Court of Appeals and the Clerk of the Court of Criminal Appeals. Please bring this Motion to Judge Cabaniss's attention so that She may timely rule upon it. Considering neither the Harris County District Clerk or the 248th Courts Clerk has timely notified me of an Extension of time until Oct. 12 of 2015.

Sincerely

William Mark Rhodes

August 17th 2015

Cause no. 1259408-A

Ex Parte | In the 248th Judicial
| District Court of
William Mark Rhodes | Harris County Texas

## Motion for Evidentiary Hearing

Comes now, William Mark Rhodes, Applicant 11.07 for an out of time appeal who humbly presents this Motion for an Evidentiary Hearing. This Motion superceeds a previously filed Motion and is pursuant to Tx Co Crm Pro. Art. 11.07 §3(d) and Art. 1 §12 of the Texas Constitutions Bill of Rights.

## I.
## Reason for Evidentiary Hearing

To fully develope relevant facts of cause no 1259408, based upon the actual facts contained within the 911 call, arresting officers report, offense report, investigating officers report, and, not the erroneous facts stipulated to through Ineffective Assistance of Counsel. Also to demonstrate "Due Diligence" for Federal Habeas Claim [2254 (e) (2)] see Williams V Taylor 529 U.S. 420 see also Pike V. Guarino 492 F 3d 61,69 (1st Cir 2007), Drake V. Portuondo 321 F 3d 338, 347 (2nd Cir 2003), Winston V. Pearson 683 F 3d 489 (4th Cir 2012), and see also Hall V. Quarterman 534 F 3d 365, 367-69 (5th Cir 2008), and Robinson V. Howes 663 F 3d 819 824-25 (6th Cir 2011), see also

1.

Cause no 1259408-A

Dalton V Battaglia 402 F 3d 729-736 (7th Cir 2005).

Within this request for Evidentiary Hearing, Applicant is requesting that the State produce the certified transcripts of complainant Meggen Elise Rhodes 911 call which is her outcry, or "Excited Utterance" testimony, which precludes the kind of reflection necessary to fabricate information. See "Sandoval V State 409 SW 3d 259" (Tx App 2013) See Also "Salazar V State 38 SW 3d 141, 154" (Tx Crm App 2001) "Apolinar V. State 155 SW 3d 184, 186" (Tx Crm App 2005) And Also See "Zuliani V State 97 S.W. 3d 589, 595" (Tx Cr. App 2003)

Applicant is also requesting the arresting officers report, offense report, the investigating officers report, and transcripts of Grand Jury testimony given by Meggen Elise Rhodes.

The Applicant is attaching to this Motion a certified copy of affidavit testimony given by States Witness, Meggen Elise Rhodes in Cause No 2009-22626 statement being made in the 246th Fam. Court Judge York presiding that directly contradicts States indictment. This Applicant asserts that the records requested also contradict States indictment.

## II
### Production of Pre Sentence Investigation Report

Under the Tx Co of Crm Pro. Art. 42.12 § 9 (d) and (e) the sentencing Judge Joan Cambel was procedurally required to allow me to see, comment on, and challenge any factual inaccuracy in this report. This was not done, nor is my signature on any waiver of this right. See attached Revocation / Sentencing Hearing Transcripts.

2.

Cause No. 1259408-A

See Also Fed R. Crm Pro. 32 (c)(1)(A), U.S. V Sustaita 1 F.3d 950 Pg 953 (9th Cir 1993), See Also Fed R. Crm Pro. Rule 32 (c)(1), U.S. V. Jimenez-Villasenor 270 F 3d 554 (8th Cir 2001) Pg 562, See Also Title 18 United States Code § 3552 U.S. V Davenport 151 F.3d 1325 (11th Cir 1998) Pg 1327, See Also Title 18 § 3442 (d) of United States Code Id Davenport Pg 1328, See Also Title 18 United States Code § 3552 d, U.S. V Davenport. See Also U.S. V Stevens 223 F 3d 239, 242 (3rd Cir 2000), U.S. V. Esparza-Gonzalez 268 F 3d 272 274 (5th Cir 2001), U.S. V Osborne 291 F.3d 908, 910-11 (6th Cir 2002), See Also U.S. V Petty 80 F 3d 1384, 1387 (9th Cir 1996), Therefore the Applicant is requesting the production of the completed Pre Sentence Investigation at the Evidentiary Hearing.

Also "Ms Mary Moore" was absent during the Pre-Sentence Interview, which is a "Critical Stage" See U.S. V Washington 619 F 3d 1252 Pg 1253. Ms Mary Moore did not accompany me to this meeting, nor did she explain to me the purpose, or legal meaning, or significance of the interview. This Assertion will be proved by the C.R. and documentation produced by this Evidentiary Hearing

## III
## Production of Record In Camera Hearing
## In Camera Hearing Held Critical Stage

In U.S. V Bohn 890 F 2d 1079 (9th Cir 1989) Pg 1081 the 9nth Cir. Held that In Camera Hearing on 5th Amndmnt Claim was a Critical Stage. "At the Probable Cause Hearing Defendant was asked how he Pleaded Guilty or not Guilty by the Magistrate. Asking a Defendant how

3.

Cause no 1259408-A

HE PLEADS TO AN OFFENSE THAT CAN BE USED BY THE PROSECUTION IS A CRITICAL STAGE, U.S.C.A V SEE (C.R.6)". I AM REQUESTING THAT THE PROBABLE CAUSE HEARING BE TRANSCRIBED, AND IF IT IS, AS I ASSERT, THAT I WAS ASKED ON CAMERA HOW I PLEAD WITHOUT COUNSEL, THEN BOTH MY V and VI U.S.C AMENDMENTS HAVE BEEN VIOLATED. THE RIGHT TO COUNSEL EXTENDING TO ALL CRITICAL STAGES OF THE PROCEEDINGS. SEE Iowa V. Tovar 541 U.S. 77, 80-81, 124 S.Ct. 1379 158 LEd2d (2004). SEE ALSO Young V. Duckworth 733 F2d 482 (7th Cir 1984), ps 483., Kirby V. In 406 US 682, 689-90 (1972), Rothgery V. Gillespie Cnty 554 U.S. 191, 213 (2008), U.S. V Kennedy 372 F. 3d 686, 693 (4th Cir 2004), SEE ALSO Coleman V. Ala. 399 US. 1, 9-10 (1970). THE RIGHT TO COUNSEL ATTACHES TO ALL CRITICAL STAGES INCLUDING AN IN CAMERA PRELIMINARY HEARING, CITING Rothgery 544 U.S. 212. QUOTING U.S. V. Ash 413 U.S. 300, 312-13 (1973)

## IV
## EVIDENTIARY HEARING FRAUDULENT MISREPRESENTATION OF COUNSEL

IN MS MARY MOORE'S AFFIDAVIT, FILED JULY 28TH OF 2015, A FULL SIX MONTHS LATE, THE ORIGINAL STATES ORDER HAVING BEEN FILED JANUARY 28TH OF 2015. MS. MOORE'S EXPLANATION IN HER AFFIDAVIT WOULD BE PLAUSIBLE EXCEPT, BUT FOR, NO WHERE IN THE "RECORD" IS IT DEMONSTRATED THAT JUDGE JOAN CAMBEL INFORMED ME THAT MY PLEA WAS WITHOUT RECOMENDATION, AND THAT I HAD THE RIGHT TO APPEAL. NO WHERE IN THE RECORD, DID JUDGE JOAN CAMBEL STATE, FROM THE BENCH, (THAT- I SEE THAT THE TRIAL COURTS CERTIFICATION OF DEFENDANTS RIGHT TO APPEAL HAS BEEN ERRONEOUSLY MARKED, FOR THIS IS

4.

NOT A PLEA BARGAIN AND YOU HAVE THE RIGHT TO APPEAL. Is it still your wish to waive your right to appeal, give up the right to have a court reporter to record the PSI hearing, and plead guilty.) I request an evidentiary hearing to develope the record, to prove by the record, that this was never done.

Ms. Mary Moore stated that she has been a practicing attorney since I was a senior in High School "1978". Ms. Mary Moore new without a doubt, that my plea was without recomendation, a non negotiated open plea of guilty. This knowledge was not restricted to Ms Mary Moore either. Judge Joan Cambel, Judge Lisa Burkhalter, and the assistant district attorney Erin Epley also understood the nature of my plea. Yet none of these officers of the court corrected this "OVERSIGHT." (Here are the immutable facts) I was NEVER SHOWN, I NEVER SAW, AND HAD NO intrinsic / inherent knowledge of the existence of the "General Orders of the Court." Ms. Mary Moore informed me, I was signing a "Plea Bargain." Ms. Mary Moore instructed me, "ME" to place an ☒ in the box beside the Plea Bargain statement on the Trial Courts Certification of Defendants Right to Appeal. Ms. Mary Moore then iformed me because I was pleading to a Plea Bargain that I had to waive my right to appeal and give up the right to a Court Reporter to record the PSI hearing. These are the facts period. Thus violating Tx.V.An.P.C. 7.01, 7.02, 15.02 and P.C. 37.10

"In determining whether a waiver of the right to due process under the 5th Amh is knowing and voluntary the court must indulge in every reasonable presumption against a waiver" USCA 5. Nose V. Atty Gen of U.S. 993 F 2d 75 (5th Cir 1993)

5.

## V.

## Counsel Failed in the Discovery Process

No Pre-trial discovery motions filed. See Clark V. Blackburn 619 F 2d 431 (5th Cir 1980) PG 434. See also Wade V. Armontrout 798 F 2d 304 (8th Cir 1980) PG 307 citing Kimmelman V Morrison 477 U.S. 365, 91 L. Ed 2d 106 SCt. 2574 (1984) Id 106 SCt 2588-89. Ms Mary Moore filed 3 motions to my knowledge, two motions to be paid, and one for my psych. evaluation. Ms Mary Moore subpoenaed no witnesses to testify at the unrecorded PSI hearing, did not challenge the prosecution, or the factual sufficiency of the evidence in any way. The prosecution subpoenaed but one witness, the complainant my ex wife. No evidence was admitted to corroborate the ex wifes testimony as required by the Tx Co of Crm Pro. Art. 38.17.

"Failure to seek formal discovery" See Crandall V. Bunnell 144 F. 3d 1213 (9th Cir 1988) PG 1217. See also Stano V Dugger 889 F2d 962 (11th Cir 1989) PG 967. citing Cronic 466 US 659 n 25 Id 659-60, 104 SCt. @ 2047 (1984)

"Facts and circumstances not investigated" See House V Balkom 725 F 2d 608 (11th Cir 1984) PG's 614, 615 citing Washington V Strickland 693 F 2d 1259. Ms Mary Moore made no visit to the alleged crime scene, made no attempt to acquire any exculpatory material, raised no defensive issues, and wholly accepted the States version of the facts. See Thomas V Lockhart 738 F 2d 304 (8th Cir 1984) PG 308., Blindly accepting the States version of the facts fails to provide any adversarial assistance to the Defendant, and calls into question the adequacy of counsels

6.

REPRESENTATION. U.S. V CRONIC 466 US 648, SEE ALSO U.S. V MATOS 905 F 2d 30 (2ND CIR 1990) PG 34., WILLIAMS V WASHINGTON 59 F. 3d 673 (7TH CIR 1995) PG 681, SEE ALSO STRICKLAND V. WASHINGTON 466 US 668, 104 SCT 2052, 1984

## VI.

### FAILURE TO FILE MOTION FOR EXAMINING TRIAL

Ms. MARY MOORES FAILURE TO ACT IN A "MINIMUM" AS TO FILE A MOTION FOR AN EXAMINING TRIAL OF MY CASE IS NOT HARMLESS ERROR. Ex Parte RIDGEWAY 579 S.W. 2d 935 (CRM APP 1979), MONTOYA V. JOHNSON 226 F. 3d 399, TO DETECT DEFECTS OF THE CHARGING INSTRUMENT, AND TO APPLY SUBSTANTIAL LAW TO THE DEFECTS "TO PROTECT THE CLIENT TO THE FULLEST EXTENT OF THE LAW", RENDERS COUNSELS ASSISTANCE INEFFECTIVE. Ex Parte SCOTT 581 S.W. 2d 181-82 (CRM APP 1979) ARIZONA V. YOUNGBLOOD 488 US 51, 57 109 SCT. 333, 337, 102 L.Ed 2d 281 (1988), SEE ALSO BOMPILLA V BEARD 547 US 374, 162 L.Ed 2d 360, 125 SCT. 2456 (2005) PG 2465 and 2466 ALSO TO EXAMINE AND CONFIRM AT MY FIRST APPEARANCE BEFORE A JUDICIAL OFFICER I WAS WITHOUT COUNSEL. Ibid ROTHGERY V. GILLESPIE CNTY TX 554 US. 191, 171 L.Ed 2d 366 128 SCT. 2578 (2008) PG'S 2581, 2592. SEE ALS BREWER V WILLIAMS 430 US 387, 398-399, 97 SCT. 1232 (1977).

## VII

### FAILURE TO CONSULT PSYCHIATRIC EVALUATION

BEFORE MY COURT ORDERED PSYCHOLOGICAL EXAMINATION, I WAS NOT WARNED BY EITHER THE BENCH OR MY COURT APPOINTED COUNSEL THAT MY STATEMENTS OR THE RESULTS COULD OR WOULD BE USED AGAINST ME AT TRIAL OR SENTENCING. SEE ESTELLE V SMITH 451 US 454

469 (1981), SEE ALSO Powell V. Texas 492 U.S. 680, 681 (1989), U.S. V Chitty 760 F. 2d 425-30 (2ND CIR 1985), Gibbs V Frank 387 F. 3d 268, 276 (3RD CIR 2004). THE RESULTS OF THE EXAM CAME BEFORE JUDGE Joan Cambell AND THE A.D.A Erin Epley. SEE C.R. PG 14 SEE Gardner V Johnson 247 F. 3d 551, 558, 59 (5th CIR). I "PERSONALLY" DID NOT REQUEST THIS PSYCHIATRIC EXAM, "Ms Mary Moore DID" SEE HER 6 MONTH LATE AFFIDAVIT. THIS VIOLATES MY FIFTH AMNDMNT AGAINST SELF INCRIMINATION. THEREFORE SEE ALSO Cape V Francis 741 F 2d 1287, 1292-94 (11TH CIR 1984) AND U.S. V Harrington 923 F. 2d 1371, 1376-77 (9HTH CIR 1991). I WAS NOT CONSULTED BY Ms. Moore BEFORE THE EXAM, WAS GIVEN NO V U.S. C. AMNDMNT WARNING BY Ms. Moore OR THE BENCH BEFORE THE EXAM, AND WAS LEAD TO BELIEVE THE RESULTS WOULD REMAIN — CONFIDENTIAL.

## PRAYER

THEREFORE, APPLICANT 11.07 FOR OUT OF TIME APPEAL, William Mark Rhodes, WITH Humble Respect, MOVES THE HONORABLE JUDGE Katherine Cabaniss, TO HEAR AND GRANT, APPLICANTS REQUEST FOR AN Evidentiary HEARING. TO FULLY DEVELOPE THE RELEVANT FACTS OF CAUSE NO 12594081010. BASED UPON THE COMPLAINANTS 911 CALL. THE COMPLAINANTS GRAND JURY TESTIMONY. THE PARTICULARIZED "NEED" IS TO COMPARE Meggen E. Rhodes GRAND JURY TESTIMONY TO THE AFFIDAVIT IN CAUSE NO 2009 22626. THE ARRESTING OFFICERS REPORT, THE OFFENSE REPORT, THE CHAIN OF CUSTODY AFFIDAVIT FOR AN ALLEGED KEY AND KNIFE, Tx. Co. Crm. Pro. Art. 38.42., THE RESULTS OF ANY FORENSIC ANALYSIS OF THE ALLEGED KEY AND KNIFE, Tx Co Cr. Pro. Art. 38.35 and THE CERT. OF ANALYSIS OF THESE TWO NON EXISTENT ITEMS, Tx Co Crm. Pro. Art. 38.41. AND TO PROVE BY THE RECORD, THAT NO OFFICERS WERE SUBPOENAD

8.

BY EITHER ENTITY DEFENSE OR PROSECUTION TO TESTIFY AT THE UN-RECORDED P.S.I. HEARING, AND THAT THE COMPLAINANTS TESTIMONY AT THE P.S.I. HEARING WAS, AND REMAINS, UNCORROBORATED.

## Certificate of Authenticity

THIS IS TO CERTIFY UNDER THREAT OF PERJURY THAT ALL STATE-MENTS AND ASSERTIONS ARE TRUE AND CORRECT BEING SUPPORTED BY THE RECORD AND RELAYED HERE IN THE FOREGOING MOTION FOR EVIDENTIARY HEARING.

RESPECTFULLY SUBMITTED
WILLIAM MARK RHODES

*William Mark Rhodes*

E-205-A 01807604
BRIDGEPORT CORRECTIONAL CENTER
4000 NORTH 10TH STREET
BRIDGEPORT TEXAS 76426

9.

Cause no 1259408A

Ex Partie            In the 248th Judicial District Court of

William Mark Rhodes      Harris County Texas

## Motion for Evidentiary Hearing

Comes now before this Honorable Bench Applicant Pro-Se, William Mark Rhodes, who with humble respect moves the Honorable Judge Katherine Cabaniss presiding in the 248th Judicial District Court to grant applicants Motion for an Evidentiary Hearing; Be it decided by the Honorable Judge Katherine Cabaniss in the interest of Justice to

Grant _____         Deny _____ this Motion for an Evidentiary Hearing. Also the Clerk of the Court shall make the Courts decision known to the applicant by 1st class U.S. Mail

Motion came to be Heard on this the _____ day of _____ 2015

_____
Judge Presiding 248th
Judicial District Court.

10.

Cause no 1259408-A

Ex Parte

In the 248th Judicial
District Court of

William Mark Rhodes

Harris County Texas

Motion for Bench Warrant

Comes now, William Mark Rhodes, acting Pro-Se. Who humbly and respectfully requests a warrant from the Bench, so that he may appear with retained counsel at his evidentiary hearing.

This Motion has come before the Bench of the 248th Court Judge Katherine Cabaniss presiding on this the _____ day of _____ 2015 and in the interest of Justice is

_____ Granted                    _____ Denied

Notice of this Courts decision shall be served on the applicant by First Class U.S. Mail.

_____
Judge Presiding

Cause no 1259408-A

Ex Parte

In the 248th Judicial

District Court of

William Mark Rhodes

Harris County Texas

## Certificate of Service

This is to Certify that True and Correct Copies of this Motion Have been delivered by U.S. Return Receipt Mail to the District Attorney Devon Anderson, The Clerk of the Fourteenth Court of Appeals, The Clerk of the Court of Criminal Appeals. The Court of Criminal Appeals Extended the for Resolving all Issues Until Oct. 12, 2015.

The Fourteenth Court of Appeals and the Court of Criminal Appeals Have Concurrent Original Jurisdiction over Writs of Mandamus. Vernons Annotated Texas Constitution Article § § § 86.

Respectfully Submitted By
William Mark Rhodes

F-2054 01807604
Bridgeport Correctional Center
4000 North 10th Street
Bridgeport Texas 76426

11.

Cause no 1259408-A

I
MEGGEN ELISE RHODES AFFIDAVIT
Cause no 2009-22626
246TH COURT
JUDGE YORK
PRESIDING

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| WILLIAM DAVID BRYANT | § | |
| RHODES, CAITLYN REBA ESTHER | § | 246th JUDICIAL DISTRICT |
| RHODES AND ABIGAIL ROSE | § | |
| LYNN RHODES | § | |
| | § | |
| CHILDREN | § | HARRIS COUNTY, TEXAS |

## AFFIDAVIT CONCERNING MODIFICATION
## OF CUSTODY, POSSESSION AND ACCESS

**MEGGEN RHODES**. appeared in person before me today and stated on oath:

"My name is **MEGGEN RHODES.** I am at least eighteen years of age, and I am fully competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

I am requesting a modification of the custody, possession and access in the interest of William David Bryant Rhodes, Caitlyn Reba Esther Rhodes, and Abigail Rose Lynn Rhodes. I believe it is in their best interest to terminate the visitation, possession and access rights of their father, William Mark Rhodes, for a minimum period of 5 years due to his behavior that led to a criminal conviction in the 248th Harris County Criminal Court.

William Mark Rhodes was arrested and charged with 2nd degree felony Burglary of a Habitation With Intent To Commit Assault on April 15, 2010. During the late night hours of April 15, 2010, he became intoxicated, drove to the street of my residence, parked his vehicle in the driveway of an unoccupied house, removed his shoes, and walked down the street to my residence. He entered my house with a key he obtained from our son, William David Bryant Rhodes, against my wishes. He then came in my bedroom and, at approximately 11:30 pm, held a knife resembling a machete to my neck as if to slit my throat. I woke up and was able to get out from underneath the knife. He then proceeded to tell me that I had taken away everything from him and he had nothing to live for. He then forced me to put my hand on the handle of the knife and pressed the tip against his chest as if to stab himself. When I pulled my hand away after a struggle, he grabbed my wrist and threatened to break my arm if I didn't put my hand back on the knife. I struggled, but he put my hand back on the handle of the knife and pointed it to his throat and applied pressure, trying to put the knife through his throat. I struggled and was able get away from him with possession of the weapon. I ran outside and dialed 911 and threw the knife in the bushes. He followed me outside and took the phone away from me. He told the dispatcher not to send the police and hung up. When they called back several times, he

---

*Affidavit of Meggen Rhodes*          Page 1 of 6

**EXHIBIT A**

threatened to hurt me if I answered the phone. I was able to answer once and communicate that I needed help. When the police arrived, he was arrested.

From the initial date of separation on April 5, 2009, through the date of the attack, William Mark Rhodes had repeatedly obtained entry to my home against my wishes by convincing our son to give him keys. I had the locks changed a total of 4 times from April 5, 2009 through April 15, 2010 to try to prevent him from entering my home. He admitted to stalking me during this time period. He drove by my house repeatedly during the late night hours to check and see if anyone besides myself was there. During the days in the week immediately following the initial separation, I woke up to find Mr. Rhodes standing over my bed, touching my hair or just walking around my house. He felt he had the right to enter my home at any time he wished because the children lived there. He initially refused to have visitation with the children unless it took place inside of my home. I agreed at that point, as I felt it would be better for me to deal with Mr. Rhodes being in my home than for my children to be without their father. This occurred from April 2009 through November 2009. During these visitation periods, Mr. Rhodes fed the children food that I had purchased. He also would drink as much alcohol as possible that was in my home. I repeatedly came home and found empty wine and liquor bottles that had been full when I left the home. Any wine bottles that he was unable to or chose not to finish had mucus in them, as if Mr. Rhodes had coughed up mucus and spit it into the bottle.

Several weeks after the separation, Mr. Rhodes arrived at my residence intoxicated and asked to talk to me. I told him I would speak to him outside. He was angry at me and we had an argument. I told him he needed to leave the property. He refused. I went inside to call the police. He forced his way in when I tried to shut the door, and there was a physical altercation. He forcefully took away my cell phone and broke it to prevent me from calling the police. He then took away the home phone after a struggle and threw it against the wall and broke it and ripped the base of the phone out of the wall. He then fled the residence. When the police arrived later, I explained what had happened. They found him in the detached garage of my residence holding a knife to his arm as if he was going to cut his wrists. The only charges the police said I could press against him was interfering with a call to 911. I chose not to press charges, as I was afraid he would become even more angry and come back and hurt me. During that night, I had friends come and stay with me. Mr. Rhodes came back to the house two more times with police, saying I was violating the temporary orders currently in place for our pending divorce. When the police told him to leave and not come back, he went to his mother's house (where he lived) and began making harassing phone calls to me. I had the police come back to the house and, while they were there, he made another phone call, and they told him to stop calling.

During September of 2009, I noticed certain items were missing out of my home and garage, including all of my jewelry, tools, and my violin. Every time something went missing, Mr. Rhodes called me and harassed me saying that someone I was involved with had stolen the

items. I was involved with no one during this time period. I was informed by Mr. Rhodes' sister that valuable items had gone missing from his mother's home as well. Mr. Rhodes was not working and had no source of income during this time period. I strongly suspect that Mr. Rhodes stole all of these items and sold them.

In November 2009, I told Mr. Rhodes that he could no longer have access to my home for visitation purposes and that he was not to be on the property if I wasn't there. On December 14, 2009, I was at work and noticed that all of the emails in my Yahoo account had been deleted. Most emails were pertaining to the divorce proceedings as well as harassing text messages he had sent me that I had emailed to myself. I called the police. They found Mr. Rhodes in the garage at my house. The doors to the house were locked. When I arrived, I was told that I could not press charges, since there were no signs of forced entry and because I had previously allowed him on the property. I told Mr. Rhodes, and the police told him, not to come on the property anymore and they issued a criminal trespass warning.

On December 31, 2009, Mr. Rhodes created an email address that was very similar to mine and sent an email to two of my friends harassing them and slandering me. During the late night hours, he repeatedly called me asking for forgiveness for everything he had done.

In March 2010, my best friend spent the night at my home so that I could attend a funeral the following morning. When I woke up in the morning, I went outside and found that all four of her tires had been slashed. I had to pay to have them replaced. Mr. Rhodes had repeatedly made threats indicating that if I had anyone at my home overnight when the children were present that he would cause trouble. My girlfriend had recently purchased a new car that Mr. Rhodes would not have recognized. A report was filed with the police, but we were unable to prove that Mr. Rhodes had slashed the tires.

Also during March 2010, Mr. Rhodes began harassing and threatening coworkers at my place of employment. A police report was filed when Mr. Rhodes left a slanderous note in the deli of the building where my office was.

There were many instances of harassment and stalking during the time period from April 5, 2009 through April 15, 2010, although I did not report every single instance to the police, as it took place on almost a daily basis. I was in absolute fear for my safety and the safety of my children all the time. The only relief came when he was finally arrested and held in Harris County Jail.

Also, during this time period, Mr. Rhodes was very inconsistent with his visitation with the children. He would cancel visitation or pick them up late without notice. He refused to keep them overnight many weekends that he had visitation. He also refused to exercise holiday and extended visitation periods during the summer of 2009, Christmas 2009, and spring break 2010.

*Affidavit of Meggen Rhodes*                      Page 3 of 6

One instance took place on Thanksgiving weekend 2009. I brought the children home early per his request from an out of town trip so he could pick them up the Friday after Thanksgiving. I prepared the children and we waited late into the evening. Mr. Rhodes called me at approximately 9:30 pm and informed me he was just leaving the Renaissance Festival in Plantersville, Texas and would not pick up the children until the following morning. It sounded to me like he was intoxicated. He also repeatedly refused to take the children to their extracurricular events during his visitation periods. Caitlyn and Abigail were supposed to perform in a parade in December 2009, which Mr. Rhodes had agreed to take them to. I had purchased costumes, etc. for this performance. He called at the time they were required to be at the parade and refused to take them, preventing me the opportunity to take them myself. He provided a cell phone to our son for the purpose of having my whereabouts and activities reported back to him.

During the entire time period before Mr. Rhodes was arrested, he did not hold a job for more than a few weeks at a time. He was always behind on child support payments. During March 2010, he told me that he "had no obligation" to help support his children because I was the one that filed for divorce (which was finalized in August 2009). He stated that he didn't care what the court said. Mr. Rhodes repeatedly asked me to reduce the amount of child support ordered, and told me he would "stay out of my life" if I did, but if I didn't he threatened to continue harassing and stalking me.

I was made aware of two incidents in particular that concerned me greatly regarding the children. Caitlyn and Abigail told me that one morning, while at their grandmother's home, Mr. Rhodes and my son drove away, leaving them standing in the driveway, and then came back laughing because they thought it was funny to make the girls think they had left them. Another incident occurred when Mr. Rhodes took the children to the home of his first wife and his other children to visit. Abigail did not exit the car fast enough and was locked in and left inside for several minutes. I was also informed that our son, who was 12 years old at the time, was "left in charge" while they were at visitation at the home of their ill grandmother.

During the spring 2010, I was planning a vacation with the children to Jamaica and needed Mr. Rhodes' consent to obtain their passports. Mr. Rhodes refused, and I had to file a motion with the court to modify the divorce decree to include a passport provision. We were ordered to mediation, as he refused to sign the modification. On April 12, 2010, myself and my attorney arrived at mediation. Mr. Rhodes had previously told me that he would not appear, although he did end up appearing. While in a room with the mediator, Mr. Rhodes became emotional and apologized for "everything he had ever done" to me. He promised to treat me "with the dignity and respect" that I "deserved" from then on. He confessed at this time to having hired a former military guy to track me and my accounts, and provided all of my personal information to this person, including my SSN, bank accounts, home and work addresses, etc. He

promised at this time to have the person to whom he had given all of my personal information destroy the information. He admitted in front of the mediator that he had used this information to find out things about me. He also admitted to having installed spyware on my home computer in order to obtain some of this information. Three days later, he was arrested on my front lawn for the burglary and assault charge.

I obtained a protective order against Mr. Rhodes in the interest of myself and my children in August 2010. Mr. Rhodes elected not to appear at the hearing, and the Protective Order was granted by default.

Mr. Rhodes was subsequently placed on probation on November 22, 2010, with many requirements, including inpatient mental and substance abuse treatment. He is required to participate in many ongoing treatment programs after his release, including domestic violence programs, and alcohol and substance abuse treatment programs. The court also ordered no contact with myself and the children for 5 years, although he is permitted to contact the children by mail only after his release from the inpatient treatment program. It is my belief that a modification of the visitation, possession, and access order must be made in order to comply with the terms of this probation.

I am still in fear for my life. In the past, Mr. Rhodes has used any means possible to harass, threaten, stalk, and hurt me. It is my fear that if the terms of the custody, possession, and access order are not changed, that he will use this to harass, threaten, stalk, and hurt me and/or the children. Mr. Rhodes' mental state has not been stable for a long time. I am very afraid that he will harm the children in order to hurt me. I have moved to a different residence in order to try to keep Mr. Rhodes from finding us when he is released. Although very few people even know where we live now, I am still terrified that he will find us. I am literally in fear for my life every day. Mr. Rhodes has shown no intention in the past of following court rulings or police warnings. He told the criminal court judge that he wouldn't take the medication prescribed in prison for his mental health problems because he just doesn't "like to put things in" his body. He was unable to give the judge a valid reason why he refused the medication that was prescribed to help improve his mental stability. He has repeatedly broken the law, even though I cannot prove every instance, in order to harm me. He has endangered the children and neglected them in order to make me upset. He is tens of thousands of dollars behind in his child support payments and has repeatedly indicated that he feels no obligation whatsoever to support his children.

I have been repeatedly told by criminal court judges that family court rulings supersede criminal court rulings and that, if he so chooses, Mr. Rhodes can choose to enforce his visitation rights and can attend school events, etc., even though there is a 5 year no contact order in place. I strongly believe that if the custody, possession and access order is not modified prior to Mr. Rhodes' release from inpatient treatment, that he will do everything in his power to enforce the existing order and cause harm to myself and my children. Mr. Rhodes has written two letters to

my children since being arrested almost a year ago. My children have not wanted to write back, even though I told them they could.

Due to the probation, I am not allowed to have any information on Mr. Rhodes' whereabouts. This makes it impossible for me to know when he will be released, and where he is living and/or working. I am in fear for my life and the lives of my children every single day. It is absolutely imperative that the order be modified to protect our safety and allow us to live a normal life without the harassment, threats and violent behavior of William Mark Rhodes."

_____
Affiant Signature

_Meggen Rhodes_
Affiant Printed Name

Address and phone number of the Affiant are not being disclosed for safety purposes. Such information will be provided directly to the court as requested due to the sensitive nature of these proceedings.

SIGNED under oath before me on this 24 day of February, 2011.

_____
Notary Public, State of Texas

Jan W Keegan
My Commission Expires
06/30/2012

STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this 0 2 FEB 2015

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____Deputy

FILED AMONG OTHER PAPERS

THE STATE OF TEXAS .
VS.

**WILLIAM MARK RHODES**
**831 GATECREST**
**HOUSTON, TX 77032**

SPN: **01532294**
DOB: **WM 02 20 61**
DATE PREPARED: **5/12/2010**

D.A. LOG NUMBER:1627744
CJIS TRACKING NO.:9165322967-A001
BY: **CM** DA NO: 002198666
AGENCY:HCP4
O/R NO: HC100051597
ARREST DATE: 04 15 10

NCIC CODE: **2202 05**

RELATED CASES:

FELONY CHARGE: **BURGLARY OF HABITATION**
CAUSE NO: **1259408**
HARRIS COUNTY DISTRICT COURT NO: **248**
FIRST SETTING DATE:

BAIL: **$NO BOND**
PRIOR CAUSE NO:

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **WILLIAM MARK RHODES**, hereafter styled the Defendant, heretofore on or about **APRIL 15, 2010**, did then and there unlawfully, without the effective consent of the owner, namely, without any consent of any kind, intentionally enter a habitation owned by MEGGEN RHODES, a person having a greater right to possession of the habitation than the Defendant, and commit and attempt to commit assault of MEGGEN RHODES.

It is further presented that, at the time that the Defendant committed the felony offense of BURGLARY OF A HABITATION on or about APRIL 15, 2010, as hereinabove alleged, he used and exhibited a deadly weapon, namely, a KNIFE, during the commission of said offense and during the immediate flight from said offense.

No Penial Code ?

F I L E D
Loren Jackson
District Clerk

MAY 13 2010
Time:_____
Harris County, Texas
By_____
Deputy

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

**Foreman** 179th

FOREMAN OF THE GRAND JURY

**INDICTMENT**



| THE STATE OF TEXAS | § | IN THE 248TH DISTRICT |
| | § | |
| v. | § | COURT |
| | § | |
| RHODES, WILLIAM MARK | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE ID NO.:TX08582046 | § | |

## JUDGMENT ADJUDICATING GUILT

| Judge Presiding: | HON. JOAN CAMPBELL | Date Judgment Entered: | 9/4/2012 |
|---|---|---|---|
| Attorney for State: | COLLEEN BARNETT | Attorney for Defendant: | KEVAL PATEL |

| Date of Original Community Supervision Order: 11/22/2010 | | Statute for Offense: N/A |
|---|---|---|

Offense for which Defendant Convicted:
**BURGLARY OF HABITATION WITH INTENT TO COMMIT ASSAULT**

Date of Offense:
**4/15/2010**

| Degree: 2ND DEGREE FELONY | Plea to Motion to Adjudicate: NOT TRUE | Findings on Deadly Weapon: YES, NOT A FIREARM |
|---|---|---|

Terms of Plea Bargain:
**WITHOUT AN AGREED RECOMMENDATION**

| Date Sentence Imposed: | 9/4/2012 | Date Sentence to Commence: | 9/4/2012 |
|---|---|---|---|

| Punishment and Place of Confinement: | 6 YEARS INSTITUTIONAL DIVISION, TDCJ |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .

| Fine: $ N/A | Court Costs: $294 — | Restitution: $ N/A | Restitution Payable to: ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |
|---|---|---|---|

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was N/A

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| Time Credited: | From | 4/15/2010 | to | 6/27/11 | From | to |
| | From | 6/21/2012 | to | 9/4/2012 | From | to |
| | From | | to | | From | to |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS** NOTES: N/A

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

The Court previously deferred adjudication of guilt in this case. Subsequently, the Court heard the matter of Defendant's compliance with and obedience to the terms and conditions of the Court's Order of Deferred Adjudication of Guilt. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

After hearing and considering the evidence presented by both sides, the Court FINDS THE FOLLOWING: (1) The Court previously found the Defendant to be qualified for community supervision; (2) The Court DEFERRED further proceedings, made no finding of guilt, and rendered no judgment; (3) The Court issued an order placing Defendant on community supervision for a period of 5 YEARS; (4) The Court assessed a fine of $ N/A; (5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows:
**FAILURE TO SUBMIT TO RANDOM URINALYSIS; FAILURE TO AVOID CONTACT WITH COMPLAINANT.**

Accordingly, the Court GRANTS the State's Motion to Adjudicate the Defendant's Guilt in the above cause. FINDING the Defendant committed the offense on the date as noted above, the Court ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

## Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Harris County District Clerk's office. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Harris County, Texas on the date the sentence is to commence. Defendant shall be confined in the **Harris County Jail** for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the **Harris County District Clerk's office.** Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court ORDERS Defendant to proceed immediately to the Office of the Harris County District Clerk. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

## Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence **EXECUTED.**

☐ The Court ORDERS Defendant's sentence of confinement **SUSPENDED.** The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

## Furthermore, the following special findings or orders apply:

APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED.

Family Violence:
The Court FINDS that Defendant was prosecuted for an offense under Title 5 of the Penal Code that involved family violence. TEX. CODE CRIM. PROC. art. 42.013.

Deadly Weapon.
The Court FINDS Defendant used or exhibited a deadly weapon, namely, a knife, during the commission of a felony offense or during immediate flight therefrom or was a party to the offense and knew that a deadly weapon would be used or exhibited. TEX. CODE CRIM. PROC. art. 42.12 §3g.

---

**Signed and entered on September 04, 2012**

X _____
**JOAN CAMPBELL**
JUDGE PRESIDING

Notice of Appeal Filed: _____

Mandate Received: _____ Type of Mandate: _____

After Mandate Received, Sentence to Begin Date is: _____

Jail Credit: _____

Def. Received on _____ at _____ AM / PM

By: _____, Deputy Sheriff of Harris County

Clerk: C CZEPINSKI

EN/KR04: 9 ٢ 9   LCBT: _____   LCBU: _____   EN/KR18: 9 9 9

| Fingerprint |
|---|
| |

Right Thumbprint

4

Cause no 1259408-A

## II

Revocation Transcripts

he's alive and okay and that he still does love them, but never messages directly from him.

Q    Okay.  Tell me about this past father's day, right.  What happened?

A    Yes.  He and I went to Galveston, my dad and I, and before that trip Hannah and David and myself went out to do something and I asked David would you like to record a message on my camera, like, saying just happy father's day and I didn't understand that that was not okay.  And so I recorded the message and then on the trip before I showed it to him, I said, well, you know, I have a present for you, David said happy father's day for you.  I got it and my dad said, no, no, no.  I cannot see that.  And so I didn't show it to him.  I erased it off of my camera, but he made known not to view the message, so.

Q    So, is your dad pretty cognizant of the Court's order and he avoids all contact, to the best of your knowledge?

A    Yes.

Q    Okay.

MR. PATEL:  I think that's it, Your Honor.

MR. PHANCO:  Nothing, Your Honor.

THE COURT:  All right.  Thank you, ma'am.

You may step down.

If you'll call your next.

MR. PATEL: Your Honor, defense rests.

THE COURT: Defense rests. State close?

(Defense Rests.)

MR. PHANCO: State close and rests, Your Honor.

THE COURT: All right. I don't need argument on this case. If you'll, please, stand Mr. Rhodes. I find you are the same person who received deferred adjudication in this cause. I find you violated terms and conditions of the deferred adjudication. I find you guilty of the offense of burglary of a habitation.

Does anyone have anything further on punishment, State or defense?

MR. PHANCO: Nothing from the State. We rests.

MR. PATEL: We would like to request maybe straight probation, Your Honor. And in lieu of guilty plea.

THE COURT: All right. I remember this case. And just had to glance back at the P.S.I. I remembered the case. I remembered the testimony of Ms. Rhodes because although the P.S.I. she wanted you to

go to prison, she, for the sake of the children, in the P.S.I. hearing said, no. But I do remember the case. I remember her testimony. What lead up to the night of the burglary of a habitation.

I find you guilty, Mr. Rhodes, and I sentence you to six years incarceration. I've already made a finding of a deadly weapon on the original -- you pled guilty or true to the allegation of a deadly weapon, and so I'm making that finding again of true to the deadly weapon.

Do you have anything to say why sentence of law should not be pronounced against you?

Having nothing to say. It's the order of the Court you be remanded to the Harris County Sheriff's Department. They will take you to the Institutional Division of the Texas Department of Criminal Justice. You should remain there for not longer than six years. Step on back.

(Whereupon, this hearing was concluded.)

ARTICLE 42.12 Sect. 9 (d) and (e)

II

PRODUCTION OF PRE SENTENCE INVESTIGATION REPORT

TRIAL COURT CAUSE NO. 1259408

THE STATE OF TEXAS  )
                    )
COUNTY OF HARRIS    )

I, Vanessa C. Owens, Deputy Court Reporter in and for the 248th Judicial District Court of Harris County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $346.00 and was paid/will be paid by the Defendant.

WITNESS OFFICIAL HAND this 7th day of November, 2013.

_Vanessa C. Owens_

Vanessa C. Owens, Texas CSR #6078
Expiration Date: 12/31/13
Deputy Court Reporter
Brazoria County, Texas
P.O. Box 236
Alvin, Texas 77512
281-331-2843

Vanessa C. Owens, CSR
P.O. Box 236, Alvin, Texas 77512
281-331-2843

Cause no 1259408-A

# III
# Probable Cause Hearing

BOND: /9,000     No. 125940801010     SPN: 01532294

The State of Texas
vs.

RHODES, WILLIAM MARK _____, Defendant

02/20/1961 _____, DOB

In the 248th District Court
County Criminal Court at Law No. _____
Harris County, Texas

INS: COM     PFG: O

(MDSP)

## PROBABLE CAUSE FOR FURTHER DETENTION & STATUTORY WARNINGS BY MAGISTRATE

Today, the above named defendant, charged with BURGLARY OF HABITATION _____, appeared before the undersigned authority. (the Court)  ☐ in person.  ☒ by video teleconference.

| All statements in bold should be addressed to defendant. |

**Do you request appointment of counsel? (check one)**
☐ **NO.** The defendant did not request appointment of counsel.

☒ **YES.** The defendant requested appointment of counsel. The Court **ORDERS** the Office of Pre-Trial Services (PTS) to immediately assist defendant in preparing a request for appointment of counsel. PTS shall forward defendant's request to the judge of the court in which the case is pending **within 24 hours.**

**If you are not a United States citizen, you may be entitled to have us notify your country's consular representative here in the United States. Do you want us to notify your country's consular officials?** (check one)

☐ **NO.**
☐ **YES.  What country?** _____. **If you are a citizen of a country that requires us to notify your country's consular representative, we shall notify them as soon as possible.**

☐ MANDATORY NOTIFICATION. CLERK, NOTIFY _____ (Country) CONSULATE.

**If you are a foreign national, please provide the following information:**
Mr./Ms: _____
(father's name {surname}/ mother's maiden name / first name)          Date of birth (mm/dd/yy)

Place of birth
_____

Passport number _____     Date of passport issuance _____     Place of passport issuance _____

This proceeding was interpreted by: _____ (Print name of interpreter)

## ORDER

☐ The Court **FINDS** probable cause for further detention **DOES NOT EXIST.** Accordingly, in this case, the Court **ORDERS** the law enforcement agency/officer having custody of the defendant, to immediately release the defendant from custody.

☒ The Court **FINDS PROBABLE CAUSE** for further detention **EXISTS.** The Court set and/or reviewed the defendant's bond, and in clear and unambiguous language, the Court 1) advised defendant of his rights as enumerated in Article 15.17 of the Texas Code of Criminal Procedure and 2) provided him with information required by law. Accordingly, The Court **ORDERS** defendant committed to the custody of the Sheriff of Harris County, Texas. Defendant shall remain in the Sheriff's custody until he posts bail in this cause, or until further orders by the Court.

☒ Bail is set at $ 10,000      ☐ Personal Bond is:  ☐ **APPROVED**     ☐ **DISAPPROVED**     ☒ **REFERRED**

04/16/2010 _____  11pm
DATE/ TIME (Print)

_____
~~JUDGE PRESIDING~~/ HEARING OFFICER

N.RCV3001.P

Rev.08/24/05

<u>Cause no 1259408-A</u>

<u>IV</u>

FRAUDULENT MISREPRESENTATION OF COUNSEL
GENERAL ORDERS OF THE COURT
C.R. PG 25   C.R. PG 26


EXHIBIT C

The Defendant makes the following representations to the Court:

yes comp / yes M H

1. I am mentally competent. I understand the charge(s) against me, and I understand the nature of these proceedings. I am freely and voluntarily pleading guilty.

2. I have read, and I understand the admonishments set out above. I understand my plea's consequences.

3. I give up the right to have a court reporter record my plea. RIGHT HERE, Erin Emily Hannah

4. I do not want the probation department to prepare a pre-sentence investigation report, and I give up any right to have such a report prepared in this case.

5. I waive my right to appeal. RIGHT HERE Erin Emily Hannah

6. I have consulted my attorney and freely and voluntarily executed this document in open court.

7. Choose one of the following:

☑ I read and write English. I have read and I understand this document, the Waiver of Constitutional Rights, Agreement to Stipulate, Judicial Confession and Plea of Guilty filed in this case. _____ (Initial here if true.); or

☐ I speak English. This document, the Waiver of Constitutional Rights, Agreement to Stipulate, Judicial Confession and Plea of Guilty filed in this case were read to me by _____. I understand their contents. _____ (Initial here if true.); or

☐ I speak _____, and this document, the Waiver of Constitutional Rights, Agreement to Stipulate, Judicial Confession and Plea of Guilty filed in this case were translated for me by _____. I understand their contents. _____ (Initial here if true.)

_____
Defendant's signature

Sworn to and subscribed before me on _____

FILED
Loren Jackson
District Clerk
SEP 2 4 2010
Time _____
Harris County, Texas
By _____ Deputy

SEP 2 4 2010

_____
Harris County Deputy District Clerk

_____
Prosecutor's signature

Erin Epley
Prosecutor's printed name

_____
Defense Counsel's signature

Mary Moore
Defense Counsel's printed name

_____
JUDGE, 248TH District Court
Harris County, TEXAS

Plea Admonishments non-3g offenses
Page 2 of 2 Updated 9/1/2007

CR 26

THE STATE OF TEXAS VS.

GENERAL ORDERS OF COURT

Cause: 1258408

Court: 248

Defendant: WILLIAM MARK RHODES

→ Date September 24, 2010

Defendant WILLIAM MARK RHODES appeared in person
with Counsel M MOORE ←

Interpreter: N/A

E EPLEY appeared for the State

Court Reporter N/A

Judge Presiding LISA BURKHALTER ←

Defendant waived arraignment and entered a plea of guilty

Defendant, appearing to the Court to be sane, is admonished by the Court of the consequences of said plea. P
penalty recommendation of the State is: WITHOUT AN AGREED RECOMMENDATION PSI HEARING ←    Emily Detotto

The Court made no finding of guilt and RESET THE CASE FOR LSIR UNTIL 11/12/10

NOV 1 8 2010    Defendant: _Rhodes_ appeared
(with) without counsel _Emily Detotto_

Cause No. 1259408



THE STATE OF TEXAS

v.

William Rhodes , Defendant

IN THE 248 DISTRICT COURT

COUNTY CRIMINAL COURT AT LAW NO. _____

HARRIS COUNTY, TEXAS

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I. judge of the trial court, certify this criminal case:

[X] is not a plea-bargain case, and the defendant has the right of appeal. [or]

[ ] is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived, and the defendant has the right of appeal. [or]

[ ] is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]

[X] is a plea-bargain case, and the defendant has NO right of appeal. [or]    RIGHT HERE ERIN EMILY HANNAH

[ ] the defendant has waived the right of appeal.

_____
Judge

SEP 2 4 2010
_____
Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review in the court of appeals. TEX. R. APP. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a pro se petition for discretionary review.

_____
Defendant

Mailing Address: _____

Telephone number: _____

Fax number (if any): _____

FILED
Loren Jackson
District Clerk
SEP 2 4 2010
Time
Harris County, Texas
By _____ Deputy

_____
Mary Moore
Defendant's Counsel

State Bar of Texas ID number: 14362300

Mailing Address: 314 Texas #309
77002

Telephone number: 713 224-8204

Fax number (if any): 713 224-5519

* "A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case-that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant - a defendant may appeal only: (A) those matters that were raised by a written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULES OF APPELLATE PROCEDURE 25.2(a)(2)

CLERK
175

C.R. 27 WMR JUNE 28

Cause no 1259408-A

# VII
## PSYCHIATRIC EVALUATION



| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT / <u>248</u><sup></sup>TH |
| | § | COUNTY CRIMINAL COURT AT LAW |
| VS. | § | No. |
| | § | OF HARRIS COUNTY, TEXAS |

**RHODES, WILLIAM**
**DEFENDANT**

SPN# <u>01532294</u>

**FILED**
Loren Jackson
District Clerk

MAY 11 2010

Time: _____
Harris County, Texas
Deputy

## PSYCHIATRIC OR MEDICAL STATUS REPORT

This Report is made not later than twenty-one (21) days of the issuance of the Court's Order in the above case. Pursuant to the Court's Order, I have conducted the following examination on the defendant: (check all that apply)

- ☑ Psychiatric examination
- ☐ Medical examination
- ☐ The defendant is no longer in custody and I did not conduct an examination
- ☐ The defendant is in custody, but I did not conduct an examination
- ☐ Other _____.

(Check all that apply)

| ☑ PSYCHIATRIC STATUS | ☐ MEDICAL STATUS |
|---|---|
| After examining the defendant, I have determined that, as of today, the defendant:<br><br>☐ appears to be demonstrating aggressive and unpredictable behavior.<br><br>☑ is receiving medication.<br>  ☐ needs additional time, ____ (days), for stabilization.<br><br>☐ does not need medications.<br><br>☐ has refused to be placed on medication.<br>☐ needs a formal mental health evaluation. | After examining the defendant, I have determined that, as of today, the defendant appears to be<br><br>☐ physically **unable** to attend court.<br>☐ physically **able** to attend court. |

☐ Other _____.

Signed on the day <u>5</u> of <u>May</u> 20<u>10</u>.

_MALIK KALIMUDDIN_
Attending Physician (Please Print)

_[signature]_
Attending Physician (Signature)

Approved 02/04/04

CAUSE NO. 1 25 9 408

<table>
<tr><td>THE STATE OF TEXAS</td><td>§</td><td>IN THE 248th DISTRICT COURT /</td></tr>
<tr><td></td><td>§</td><td>COUNTY COURT AT LAW NO.</td></tr>
<tr><td></td><td>§</td><td></td></tr>
<tr><td>VS.</td><td>§</td><td></td></tr>
<tr><td></td><td>§</td><td></td></tr>
<tr><td>William Rhodes</td><td>§</td><td>OF HARRIS COUNTY, TEXAS</td></tr>
<tr><td>DEFENDANT</td><td>§</td><td></td></tr>
<tr><td>SPN _____ CELL_____</td><td></td><td></td></tr>
</table>

P2

FILED
Loren Jackson
District Clerk
APR 19 2010
Harris County, Texas
By _____ Deputy
Time

## ORDER FOR PSYCHIATRIC OR MEDICAL REVIEW

Today, the Court was presented with evidence indicating that the defendant may be in need of psychiatric and / or medical examination.

**THIS EVIDENCE INCLUDES THE FOLLOWING:**
The Defendant's behavior, while intoxicated, seems to be extreme regarding this incident and out of the ordinary

The Court ORDERS the Sheriff of Harris County to take necessary steps to ensure that qualified personnel perform a psychiatric or medical exam to determine if the defendant needs psychiatric and/or medical care and/ or medication.

☑ The inmate is currently incarcerated in the Harris County Jail.

☐ The inmate will be arriving in Harris County Jail on _____(date).

The Court ORDERS the Clerk of the Court to fax a copy of this Order to the doctor indicated below and to place the fax confirmation receipt in the Court's file.

☑ (Psychiatric exam)
Medical Director
MHMRA Forensic Unit
Voice (713) 755-7721
FAX  (713) 755-4386

☐ (Medical exam)
Medical Director
Harris County Jail Medical Unit
Voice (713) 755-6541
FAX (713) 755-1246

The Court ORDERS the doctor who conducts the evaluation to file his findings no later than the twenty-first (21st) day after the issuance of this Order.

APR 19 2010

Signed _____

Judge Presiding

Amended 3/2/10